IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ex. rel, REBECCA BIVENS (#K-93737), | ) ) ) |
| Petitioner, | ) ) |
| v. | No. 06 C 0584 ) ) |
| MARY SIGLER, Warden, Dwight Correctional Center, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Rebecca Bivens' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). For the reasons discussed below, the Court denies Bivens' petition.

## BACKGROUND

Bivens does not present clear and convincing evidence challenging the statement of facts as set forth in the Illinois Appellate Court's opinions affirming the judgments of the Circuit Court of LaSalle County, Illinois, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *Whitman v. Bartow,* 434 F.3d 968, 969 (7th Cir. 2006). The Court, therefore, adopts the underlying facts as set forth by the Illinois Appellate Court, Third Judicial District, in Bivens' direct and post-conviction appeals. *See People v. Bivens,* No. 3-99-0738 (3$^d$ Dist. Oct. 1, 2001) (unpublished order); *People v. Bivens*, No. 3-02-0392 (3$^d$ Dist. July 16, 2003) (unpublished order); *People v. Bivens,* No. 3-04-0635 (3$^d$ Dist. Mar. 2, 2005) (unpublished order). The Court thus starts with a brief recounting of the

facts as determined by the Illinois Appellate Court in Bivens' first direct appeal. *See Easley v. Frey,* 433 F.3d 969, 970 (7th Cir. 2006).

I.  **Factual Background**

On November 17, 1998, Bivens arrived at St. Mary's Hospital in Streator, Illinois, carrying her five-year-old stepdaughter, Dani, who was unconscious. Dani had bruises on her left arm, shoulder, right eye, and the back of her head and she was bleeding from her nose and mouth. When questioned, Bivens told the attending nurses that Dani fell off of a bed. Dani was subsequently flown to St. Francis Medical Center in Peoria, Illinois where Bivens told a social worker and several police officers that she was in the basement doing laundry when she heard a loud thud. Bivens stated that she then ran upstairs and saw Dani stumbling out of the bedroom saying that she fell off the bed. Dani died the next morning from massive injuries to the brain.

On November 23, 1998, an officer from the Streator police department received the autopsy report and then contacted Bivens and her husband asking them to come to the police department to discuss the report. The officer and an investigator from the Department of Children and Family Services ("DCFS") interviewed Bivens. The DCFS investigator informed Bivens that he and the police officer had read the autopsy report and then asked Bivens to tell him what happened. Bivens told the DCFS investigator that Dani had fallen off the bed. The DCFS investigator reminded Bivens that he knew the cause of death based on the findings in the autopsy report. After that, Bivens admitted that she killed Dani. Bivens made a written statement summarizing the incident and signed it in the investigator's presence.

The police charged Bivens with first degree murder after which the court appointed Dr. Robert Chapman to examine Bivens for fitness to stand trial. Dr. Chapman concluded that she

was fit and based on an agreed stipulation to fitness, the trial court found Bivens fit to stand trial. Bivens subsequently raised the affirmative defense of insanity. Bivens' second fitness hearing and the psychological testing involved are not relevant to this habeas petition.

At trial it was uncontested that Bivens' actions caused Dani's death. Bivens maintained, however, that she was insane at the time she committed the crime.

## II. Procedural Background

On August 2, 1999, a jury in the Circuit Court of LaSalle County, Illinois found Bivens guilty but mentally ill of first degree murder in connection with the beating death of her five-year-old stepdaughter. *See* 720 ILCS 5/9-1 (a)(2), (c)(2). (R. 16-1, Respondent's Rule 5 Exs., Ex. A.) Because the victim was under the age of 12, the Circuit Court sentenced Bivens to the mandatory term of natural life in prison. (*Id.*)

Bivens appealed her conviction and sentence to the Illinois Appellate Court, Third District raising the following claims: (1) the finding that Bivens was fit to stand trial was contrary to the manifest weight of the evidence; (2) the finding that Bivens was sane at the time she committed the crime was contrary to the manifest weight of the evidence; and (3) Bivens sentence was invalid because the Illinois Supreme Court declared the statutory provision mandating a life sentence unconstitutional. (*Id.*, Ex. B, C, D.) On October 1, 2001, the Illinois Appellate Court rejected Bivens' first two claims, but vacated her life sentence and remanded for a new sentencing hearing. (*Id.*, Ex. A.)

On remand, the Circuit Court sentenced Bivens to 40 years' imprisonment. (*Id.*, Ex. H.) Thereafter, Bivens appealed her sentence to the Illinois Appellate Court, Third District asserting that the trial court improperly considered an aggravating factor at sentencing, namely, that she

was in a position of trust with the victim. (*Id.*)  On July 16, 2003, the Illinois Appellate Court, Third District, affirmed the Circuit Court of LaSalle County. (*Id.*, Ex. H.)  Bivens did not file a Petition for Leave to Appeal to the Illinois Supreme Court.

On February 23, 2004, Bivens filed a *pro se* petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*  Bivens raised two issues in her petition:  (1) the State of Illinois' truth-in-sentencing law, which requires petitioner to serve 100 percent of her 40-year sentence, cannot constitutionally be applied to her; and (2) the trial court erred in considering an improper aggravating factor. (*Id.*, Ex. I.)  The State filed a motion to dismiss the petition arguing that Bivens' truth-in-sentencing claim was bared by *res judicata* and was also without merit. (*Id.*, Ex. J.)  Further, the State argued that Bivens' aggravating factor claim was barred by *res judicata* because it was raised and rejected on direct appeal. (*Id.*)  The Circuit Court appointed counsel to represent Bivens.  Counsel then filed an amended post-conviction petition re-stating the same arguments that Bivens had made in her *pro se* petition.  The Circuit Court denied Bivens' post-conviction petition on the ground of *res judicata*. (*Id.*, Exs. L, M.)

Bivens appealed the denial of her post-conviction petition to the Illinois Appellate Court, Third District. (*Id.*, Ex. N.)  On October 18, 2004, the Office of the State Appellate Defender filed a motion to withdraw as appellate counsel pursuant to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). (*Id.*)  In the motion, counsel explained that after careful review of the record, Bivens' appeal was without merit. (*Id.*)  Bivens did not respond to the *Finley* motion.  On March 2, 2005, the Illinois Appellate Court, Third District granted counsel's motion to withdraw and affirmed the Circuit Court's denial of Bivens' post-conviction petition. (*Id.*, Ex. O.)  Bivens filed a *pro se* petition for leave to appeal to the Illinois Supreme

4

Court arguing that the trial court improperly applied the aggravating factor of "position of trust or supervision" at sentencing. (*Id.*, Ex. P.) On September 29, 2005, the Illinois Supreme Court denied Bivens' petition for leave to appeal. (*Id.*, Ex. Q.)

On January 18, 2006, Bivens filed the present *pro se* habeas petition pursuant to 28 U.S.C. § 2254(d)(1). Construing her *pro se* habeas petition liberally, *see Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), Bivens raises the following claims: (1) she should not have been entrusted to care for her stepdaughter in light of her psychiatric problems; and (2) the trial court improperly relied on the "trust or supervision" aggravating factor when sentencing her.

## LEGAL STANDARDS

### I.     Habeas Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of clearly established Supreme Court law. *Dunlap v. Hepp,* 436 F.3d 739, 741 (7th Cir. 2006) *see also Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407. "This reasonableness

5

determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow v. Uchtman*, 398 F.3d 597, 602 (7th Cir. 2005); *see also Rompilla v. Beard,* ___U.S. ___, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005) (state court decision must be objectively unreasonable). In other words, "[e]ven if the state court erroneously applied federal law, [courts] may only grant the writ if the decision was objectively unreasonable." *Walker v. Litscher*, 421 F.3d 549, 554 (7th Cir. 2005).

## II. Procedural Default

Before bringing a habeas claim in federal court, the petitioner must exhaust all remedies available to him in state court. *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005). Specifically, the "petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Id.*; *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Fair presentment requires the petitioner to set forth the operative facts and controlling legal principles for each of his claims. *Bintz,* 403 F.3d at 863. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004). In addition, a habeas claim is procedurally defaulted when the state court did not address the petitioner's federal claim because the petitioner failed to meet independent and adequate state procedural requirements. *Stewart v. Smith,* 536 U.S. 856, 860-61, 122 S.Ct. 2578, 2581, 153 L.Ed.2d 762 (2002); *see also Coleman v. Thompson,* 501 U.S. 729, 750, 111 S.Ct. 2546, 2565,

6

115 L.Ed.2d 640 (1991).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law or by showing that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750. The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496; *Hayes v. Battaglia,* 403 F.3d 935, 938 (7th Cir. 2005) (factual innocence relieves habeas petitioner of procedural default).

## ANALYSIS

**I.    Bivens' Psychiatric Problems**

Bivens' first claim that she should not have been entrusted to the care of her stepdaughter fails for two reasons. First, she has procedurally defaulted this claim because she brings it for the first time in her habeas petition to this Court. *See Boerckel,* 526 U.S. at 845; *see, e.g., Jones v. Chrans,* 187 F.Supp.2d 993, 1001 (N.D. Ill. 2002) (habeas petitioner procedurally defaulted claims raised for first time in federal court).

Second, Bivens' first claim is not cognizable on habeas review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Here, Bivens makes an argument that does not invoke any federal law

7

or constitutional issue. Accordingly, the claim is not appropriate on collateral review. *See Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (if claim does not present a federal issue, it is not cognizable on habeas review). The Court thus denies Bivens' first habeas claim.

## II.     Aggravating Sentencing Factor

After the Illinois Appellate Court vacated Bivens' life sentence and remanded for a new sentencing hearing, the Circuit Court sentenced Bivens to forty years' imprisonment. Bivens then appealed her forty year sentence asserting that the trial court improperly considered that she was in a position of trust with the victim when determining her sentence. The post-conviction Illinois Appellate Court affirmed the trial court explaining:

> The trial court, when considering factors in aggravation and mitigation, inquires into the pertinent facts and circumstances of the case to determine an appropriate sentence. The Unified Code of Corrections establishes statutory factors in aggravation and mitigation for a judge to consider in determining an appropriate sentence. However, these factors are not exclusive, and the trial court may consider nonstatutory factors as long as they are consistent with the statute.
>
> Here, the court clearly believed, incorrectly, that the position of trust that defendant held with respect to the victim was a statutory factor in aggravation. As defendant notes, Section 5-5-3.2(A)(14) states that this factor only applies to certain enumerated sexual offenses involving minors. However, the court was not prohibited from considering this factor. Consideration of the defendant's position of trust with regard to the victim is consistent with the purpose of the statute. We hold that the trial court did not err by considering it.

*People v. Bivens*, No. 3-02-0392, at *2-3 (citations omitted).

Although Bivens raised this issue on direct appeal, she has nonetheless procedurally defaulted this claim because she did not raise it in her petition for leave to appeal to the Illinois Supreme Court. *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004) (petitioner who does not properly assert federal claim at each level of state court review has procedurally defaulted claim). Bivens offers no arguments to excuse this default. *See Coleman,* 501 U.S. at 750

8

(habeas petitioner may overcome procedural default by demonstrating cause and actual prejudice or that court's failure to consider claim will result in fundamental miscarriage of justice).

Even if the Court were to consider the merits of her sentencing claim, Bivens claim would fail because it raises issues of state law, namely, that the state courts misapplied the Illinois sentencing statutes. *See Estelle v. McGuire,* 502 U.S. at 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Perruquet,* 390 F.3d at 511("errors of state law in and of themselves are not cognizable on habeas review").

Finally, any challenge under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is without merit not only because Bivens failed to bring any such claim until this habeas petition, but also because Bivens' forty year sentence is below the statutory maximum for first degree murder, which is sixty years under 730 ILCS 5/5-8-1(a)(1)(a). *See Apprendi*, 530 U.S. at 490 ("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt"); *see also Dellinger v. Bowen,* 301 F.3d 758, 765 n.6 (7th Cir. 2002) (no *Apprendi* violation when petitioner sentenced below statutory maximum). Therefore, the Court denies Bivens' second habeas claim.

## **CONCLUSION**

For these reasons, the Court denies Bivens' habeas petition pursuant to 28 U.S.C. § 2254(d)(1).

Dated: May 10, 2006

                                 **ENTERED**

                                 _____
                                 **AMY J. ST. EVE**
                                 **United States District Court Judge**